```
                  IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION

UTILITY CONSTRUCTION SERVICES          PLAINTIFF/COUNTER-DEFENDANT

V.                              CIVIL ACTION NO. 5:24-cv-78-DCB-ASH

RICHARD ETHRIDGE, II
CECILY LARUE ETHRIDGE               DEFENDANTS/COUNTER-PLAINTIFFS

V.

ELMO ANDREW SOIGNET, III                           COUNTER-DEFENDANT
```

<u>ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION</u>

This matter comes before the Court on Plaintiff Utility Construction Services' ("Utility") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. [ECF NFo. 40]. Plaintiff asks that the Court grant a Temporary Restraining Order and "promptly schedule a preliminary injunction hearing." <u>Id.</u> at 1. Having fully considered the Motions and applicable law, the Court finds that Plaintiff's motion should be denied.

Utility alleges that its now-former employee, Richard Ethridge, accessed Plaintiff's computer systems and other resources containing its "trade secrets and proprietary confidential information" shortly before he was terminated and uploaded the information onto a USB drive. [ECF No. 41] at 1. This information includes profit and pricing information,

subcontractor plans, emails, bidding information, and contracts. Id.

In order to receive injunctive relief under either a Temporary Restraining Order or a Preliminary Injunction, a party must demonstrate : (1) a substantial likelihood of success on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

As to the first requirement, to succeed on the merits of its trade secrets claim under both the Defend Trade Secrets Act and the Mississippi Uniform Trade Secrets Act, Utility must show that Ethridge is "in a position to use its trade secrets," or that an "actual or threatened misappropriation" of the trade secrets might occur from Ethridge's possession of the information. CAE Integrated, L.L.C. v. Moov Techs., Inc., 44 F.4th 257, 263 (5th Cir. 2022); 18 U.S.C. § 1839(5); MISS. CODE ANN. § 75-26-3(b). In its reply brief, Utility brings the Court's attention to the case Providence Title Co. v. Truly Title, Inc., No. 4:21-CV-147, 2024 WL 1932418(E.D. Tex. May 2, 2024). [ECF No. 44-1]. Utility uses this case to explain that to

succeed on a motion for a temporary restraining order or preliminary injunction, a party need only show "actual or threatened misappropriation [of a trade secret]." Id. at *6.

Here, Ethridge has handed over both the USB drives and his personal laptop containing the alleged trade secrets to his counsel, who has assured this Court that the Utility information will not be released without order of Court. [ECF No. 43] at 5. "Accordingly, no disclosure or use of [the information] can be made by Ethridge." Id. Utility has failed to show any actual use of the trade secrets by Ethridge, and because Ethridge does not have access to the information, there is no threat of misappropriation on his part.

Because Ethridge is not in possession of the trade secrets, there is no evidence that irreparable injury will result absent a grant of injunctive relief. Moreover, there is a possibility that Utility will be awarded damages as a result of any breach committed by Ethridge in taking the information. Because Utility failed to carry its burden in demonstrating the need for injunctive relief, the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED.

SO ORDERED this __14th__ day of November, 2024.

                                             s/David Bramlette
                                             DAVID C. BRAMLETTE III
                                             UNITED STATES DISTRICT JUDGE