IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UTILITY CONSTRUCTION SERVICES          PLAINTIFF/COUNTER-DEFENDANT

V.                            CIVIL ACTION NO. 5:24-cv-78-DCB-ASH

RICHARD ETHRIDGE, II
CECILY LARUE ETHRIDGE          DEFENDANTS/COUNTER-PLAINTIFFS

V.

ELMO ANDREW SOIGNET, III                        COUNTER-DEFENDANT

<u>ORDER AND MEMORANDUM OPINION ON MOTION TO SEVER</u>

Before the Court is Counter-Defendant Elmo Andrew Soignet's Motion to Sever [ECF No. 22]. Having carefully considered the motion, response, and applicable law, and being otherwise fully informed in the premises, the Court finds and orders that Soignet's motion is DENIED.

I.   Background

This dispute arises out of alleged breaches of contracts relating to two separate business entities: Utility Construction Services ("Utility") and Power Group Services ("Power Group"). [ECF No. 1] ¶¶ 1, 12. The former entity is wholly owned by Mr. Soignet, while the latter is a certified Women-Owned Business Enterprise construction company with three members: Mr. Soignet, who owns 44%, and Mr. and Mrs. Ethridge, who own 5% and 51%, respectively. <u>Id.</u> ¶ 13. In this suit, Utility alleges that Mr.

1

Ethridge breached his employment contract and fiduciary duties as Utility's Vice President of Operations. Id. ¶ 26. Each claim in this suit arises out of the parties' participation in a construction project referred to as the "Pine Tree Project."

Utility and Power Group were both recruited to the Pine Tree Project by Ampirical Solutions, LLC, a general contractor with which both companies had worked previously. [ECF No. 3] ¶ 3.19. Utility claims that Mr. Ethridge contracted with Ampirical on Power Group's behalf without authorization and grossly exaggerated Power Group's work on the project, attributing to Power Group profits which were properly due to Utility. [ECF No. 1] ¶ 18. In doing so, Utility alleges, Mr. Ethridge violated his employment contract and fiduciary duties in order to enrich himself at Utility's expense "through his improper and wrongful actions." Id. ¶ 23. Under the Power Group Operating Agreement, Mr. Ethridge was required to seek approval of all members before entering into a contract, and Mr. Soignet alleges that he failed to do so. Id. ¶¶ 17, 18.

The Ethridges deny any wrongdoing and bring counterclaims against both Utility and its sole owner, Mr. Soignet. [ECF No. 3]. Against Utility, the Ethridges bring claims for breach of contract or tortious breach of contract and breach of the duty of good faith and fear dealing, as well as wrongful termination.

<u>Id.</u> at 23-25. Against Soignet, the Ethridges assert claims for intentional interference with contract, defamation, and tortious breach of Power Group's operating agreement. <u>Id.</u> at 25-29.

Mr. Soignet now claims that he was improperly joined as a party to this suit and asks that the claims asserted against him be severed from this action. [ECF No. 22].

II.  Legal standard

To determine whether Mr. Soignet has been properly joined as a counter-defendant, this Court must undergo a two-step analysis. First, it must determine whether Rule 13(h) of the Federal Rules of Civil Procedure ("Rule 13(h)") allows a counter-plaintiff to join a counter-defendant by asserting a counterclaim when that claim is not also asserted against a pre-existing party to the lawsuit. If the Court determines that Rule 13(h) does permit such counterclaims, it must then engage in a Federal Rule of Civil Procedure 20(a)(2) ("Rule 20(a)(2)") joinder analysis.

Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a crossclaim or counterclaim;" Rule 20(a)(2) governs permissive joinder of defendants in an action. Fed. R. Civ. Pro. 13(h); 20(a)(2). Under this rule, multiple defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a)(2).

   III. Analysis
       A. Whether Rule 13(h) Permits Joinder of Counterclaims
          Against Counter-Defendant

    The parties dispute whether Rule 13(h) of the Federal Rules of Civil Procedure allows joiner of Counter-Defendant Soignet to this action. The question upon which the following analysis hinges is whether a counter-plaintiff may join a counter-defendant by asserting a counterclaim solely against party to be joined. Rule 13(h) does permit joinder of third-party defendants to a lawsuit through a counterclaim when that counterclaim is also asserted against a preexisting party to the lawsuit. Nova Casualty Company v. Guzman, No. 3:20-CV-3440-B, 2021 WL 2014898 at *2 (N.D. Tex. May 20, 2021). Here, if the Ethridges asserted the same counterclaim against both Utility and Soignet, joinder of Soignet via counterclaim would be proper. However, the Ethridges have joined Mr. Soignet to this suit by asserting counterclaims directed only at him and not at the pre-existing party, Utility.

4

The Fifth Circuit has yet to determine whether a third party may be joined to a lawsuit through a counterclaim only asserted against that individual, and district court precedent is split on the issue. For example, a court in the Northern District of Texas, Dallas Division, held that Rule 13(h) "does not contemplate a party making a counterclaim or crossclaim solely against a person not currently a party to the litigation and then adding that person as a third-party defendant via Rule 19 or 20," while a court in the Western District of Texas, San Antonio Division, found that "parties may be joined to the counterclaim . . . if permitted under Rule 19 or 20, regardless of whether they are defendants to the same cause of action asserted against the plaintiffs." NatureSweet, Ltd. V. Mastronardi Produce, Ltd., No. 3:12-cv-1424, 2013 WL 460068 at *2, 3 (N.D. Tex. Feb. 6, 2013); Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC, No. CV SA-17-CA-808-XR, 2017 WL 10576036 at *5 (W.D. Tex. Sept. 7, 2017). The Bates court explained that its liberal interpretation of Rule 13(h) prevents multiplicity of litigation and fosters judicial economy, "and the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all concerned parties." Id. In Nova Casualty Company v. Guzman, another Texas court also held that Rule 13(h) permits joinder of non-parties through a counterclaim even when that counterclaim is not asserted against

any current party to the suit. No. 3:20-CV-3440-B, 2021 WL 2014898 at *2 (N.D. Tex. May 20, 2021).

While the Fifth Circuit has not outright addressed the proper interpretation of Rule 13(h), it appears to have recognized the use which the Ethridges advocate in several footnotes to the court's decision in State National Insurance Company Inc. v. Yates, 391 F.3d 577, 578 n.2, 580 n.15. In the second footnote to its decision in Yates, the Fifth Circuit notes that Rule 13(h) "permits joinder of additional parties to a counterclaim 'in accordance with the provisions of Rules 19 and 20.'" Id., 578 n.2. The court later notes that the third-party counter defendant was made a party to the action under Rule 13(h), in turn either via Rule 19 or 20. Id., 580 n.15. The defendant had asserted counterclaims against the plaintiff for breach of contract and bad faith breach of contract and added the third-party defendant via counterclaims for professional negligence and negligent misrepresentation. Id. at 578. Although dicta, the Fifth Circuit appears to acknowledge the legitimacy of this interpretation of Rule 13(h). This Court is persuaded to adopt the liberal interpretation in part by the Fifth Circuit's acknowledgement and in part because this interpretation fosters judicial economy. Therefore, the Court holds that Rule 13(h) was a proper vehicle for joinder of Mr. Soignet to the suit.

B. Whether Joinder is Proper Under Rule 20

Mr. Soignet further argues that even if he can be properly joined as a counter-defendant under Rule 13(h), joinder is still improper under Rule 20(a)(2) because the Ethridges assert no right to relief against himself and Utility jointly, severally, or in the alternative. "Rather, they assert wholly separate and independent counterclaims against [Utility and Soignet]. [ECF No. 28] at 3. The Ethridges maintain that "the counterclaims against [Utility] and Soignet, individually, arise from the Pine Tree Project, are logically related, and are properly before the Court." [ECF No. 25] at 2.

Under Rule 20(a)(2), joinder of a defendant is proper if (1) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Here, the Ethridges as counter-plaintiffs have asserted against Utility claims for (1) breach of the Utility/Ethridge employment agreement; (2) breach of duty of good faith and fair dealing; and (3) wrongful termination. Their claims against Mr. Soignet are for (1) intentional interference with the Utility/Ethridge employment

agreement; (2) defamation; and (3) breach of the Power Group
Agreement.

Mr. Ethridge attempts to hold Utility and Soignet
individually liable for the role that each party played in his
termination from his position at Utility. To join a defendant
under Rule 20, "the fact that defendants are independent actors
does not preclude joinder as long as their actions are part of
the same transaction, occurrence, or series of transactions or
occurrences." In re EMC Corp., 677 F.3d 1351, 1356 (Fed. Cir.
2012) (quotation marks omitted); see 7 Wright & Miller, Federal
Practice & Procedure § 1652 (3d ed. 2021) ("[T]he rule permits
the joinder of persons whose presence is procedurally convenient
but is not regarded as essential to the court's complete
disposition of any particular claim."); see also Arrington v.
City of Fairfield, 414 F.2d 687, 693 (5th Cir. 1969) ("Rule
20 ... allows [the joinder of] one who has some relation to the
action where that relation is not so close as to categorize him
as a necessary or indispensable party."). Thus, the Court
proceeds in its Rule 20 analysis. Nova Cas. Co. v. Guzman, No.
3:20-CV-3440-B, 2021 WL 2014898 at *3 (N.D. Tex. May 20, 2021).

Ethridge claims that Utility and Soignet "decided that
because Ethridge would not disregard the integrity of Power
Group and cause C. Ethridge [his wife] to give Utility and

Defendant Soignet Power Group's revenue, Ethridge would be terminated." [ECF No. 3] ¶ 3.58. In his counterclaims, Mr. Ethridge asserts that both Utility and Mr. Soignet should be held liable for their actions arising out of the Pine Tree Project which resulted in the allegedly unjust termination of Ethridge from Utility and the ousting of Mr. and Mrs. Ethridge from Power Group. Because Mr. Ethridge attempts to hold each counter-defendant liable for their actions arising out of the same transaction or occurrence, he meets the first requirement for permissive joinder under Rule 20(a)(2).

Mr. Ethridge's claims against Utility and Soignet arise out of the same transaction or occurrence. "The transaction requirement ... is not a stringent test and should be read broadly to increase judicial efficiency." Immudyne, Inc. v. Sorgente, 2005 WL 8165654, at *3 (S.D. Tex. Aug. 9, 2005) (citing, inter alia, Battison v. City of Electra, 2001 WL 497769, at *1 (N.D. Tex. May 8, 2001)). Here, Ethridge's claims against both counter-defendants arise out of Power Group and Utility's involvement in the Pine Tree Project and the subsequent firing of Ethridge.

Finally, there are also questions of fact common to all counter-defendants. Most significantly, there is the question of whether Mr. Ethridge breached the Power Group Agreement as

Utility alleges in the Complaint. This question must be answered in order for the Ethridges to hold either Utility or Soignet liable for either party's role in Ethridge's termination.

In sum, the Rule 20 requirements are met with respect to the claims against Utility and Soignet. The Court notes that it "maintains discretion under Rule 20" to nonetheless deny joinder of Soignet "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Nova Cas. Co., No. 3:20-CV-3440-B, 2021 WL 2014898 at *4 (citing Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted)). But neither counter-defendant raises any of these concerns, and none of them warrant a denial of joinder here. The Supreme Court has emphasized that "joinder of claims, parties and remedies is strongly encouraged." Nova Cas. Co., No. 3:20-CV-3440-B, 2021 WL 2014898 at *4 (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) (citing, inter alia, Fed. R. Civ. P. 20)). Thus, the Court concludes that the joinder of Mr. Soignet as a counter-defendant to this action is proper under Rule 20.

IV.  Conclusion

    This Court holds that joinder of Mr. Soignet as a counter-defendant was proper under both Rule 13(h) and Rule 20(a)(2). Therefore the Motion to Sever is DENIED.

SO ORDERED this the 8th day of January, 2025.

                                    /s/ David Bramlette
                                    DAVID C. BRAMLETTE III
                                    UNITED STATES DISTRICT JUDGE

11