IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UTILITY CONSTRUCTION SERVICES       PLAINTIFF/COUNTER-DEFENDANT

V.                         CIVIL ACTION NO. 5:24-cv-78-DCB-ASH

RICHARD ETHRIDGE, II
CECILY LARUE ETHRIDGE         DEFENDANTS/COUNTER-PLAINTIFFS

V.

ELMO ANDREW SOIGNET, III                COUNTER-DEFENDANT

ORDER AND MEMORANDUM OPINION ON MOTION TO STRIKE JURY DEMAND

This matter comes before the Court on Plaintiff Utility Construction Services's Motion to Strike Jury Demand pursuant to Federal Rule of Civil Procedure 39(a)(2). [ECF No. 105]. Utility maintains that by demanding a jury trial on their counterclaims, the Ethridges disregard the jury waiver provision in one of the relevant contracts. [ECF No. 106] at 2. Having carefully considered the motion, response, and applicable law, and being otherwise fully informed on the premises, the Court finds and orders that Plaintiff Utility Construction Services's motion is DENIED in regard to the Ethridges' claims against Mr. Soignet for tortious breach of the Power Group Operating Agreement.

I.   Background

This dispute arises out of alleged breaches of contracts relating to two separate business entities: Utility Construction Services ("Utility") and Power Group Services ("Power Group"). [ECF No. 114] ¶¶ 1, 15. Mr. Soignet is the sole owner of Utility. Power Group, however, was previously a certified Women-Owned Business Enterprise construction company with three members: Mr. Soignet, who owned 44%, and Mr. and Mrs. Ethridge, who owned 5% and 51%, respectively. Id. ¶ 16. In this suit, Utility alleges that Mr. Ethridge breached his employment contract and fiduciary duties as Utility's Vice President of Operations. Id. ¶ 27. Each claim in this suit arises out of the parties' participation in a construction project referred to as the "Pine Tree Project."

Utility and Power Group were both recruited to the Pine Tree Project by Ampirical Solutions, LLC, a general contractor with which both companies had worked previously. Id. ¶¶ 19, 20. Utility claims that Mr. Ethridge contracted with Ampirical on Power Group's behalf without authorization and grossly exaggerated Power Group's work on the project, attributing to Power Group profits which were properly due to Utility. Id. ¶ 21. In doing so, Utility alleges, Mr. Ethridge violated his employment contract and fiduciary duties to enrich himself at

2

Utility's expense "through his improper and wrongful actions." Id. ¶ 27. Under the Power Group Operating Agreement, Mr. Ethridge was required to seek approval of all members before entering into a contract, and Mr. Soignet alleges that he failed to do so. Id. ¶¶ 17, 20. The Court again notes that Mr. Soignet was not only a co-owner of Power Group, but also Utility's sole owner.

In their reply, the Ethridges assert numerous counterclaims against both Utility, the initial plaintiff to the suit, and Mr. Soignet, whom they join as a third-party defendant. In part, the Ethridges assert that it was Mr. Soignet, not Mr. Ethridge, who breached the Power Group Operating Agreement in order to extract profits by illicit means. [ECF No. 129] ¶¶ 4.22, 4.28. The Ethridges specifically allege that Mr. Soignet illegally ousted them from Power Group and filed suit seeking to recover from Mr. Ethridge the revenue and profits properly allocated to Power Group from the Pine Tree Project. Id. ¶ 4.22.

In its motion, Utility maintains that in demanding a jury trial on their counterclaims, the Ethridges ignore the jury waiver provision in Section 5.1 of Ethridge's Employment Agreement with Utility Construction Services. The provision states in pertinent part: "If there is a lawsuit between the Parties that in any way relates to Employee's employment or this

3

Agreement, Employee WAIVES THE RIGHT TO A JURY TRIAL . . . Employee agrees that his waiver of the right to a jury trial is voluntary, knowing, and intelligent, with full awareness of the legal consequences." [ECF No. 105-1] at 9. Utility contends that this jury waiver encompasses every claim asserted by any party to this matter, including the Ethridges' claims against Mr. Soignet. [ECF No. 106] at 2. The Ethridges counter that their right to a jury trial for their claim against Mr. Soignet for tortious breach of the Power Group Operating Agreement was not waived because this claim relies wholly on the Power Group Operating Agreement, which did not include a jury waiver provision. [ECF No. 118] at 1, 5.

   II.  Legal Standard

   Federal Rule of Civil Procedure 39(a)(2) provides that when a jury trial has been demanded under Rule 38, the trial on all issues so demanded must be by jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." "The Seventh Amendment preserves a right to a jury trial on issues of fact in suits for breach of contract damages between private party litigants." Westside-Marrero Jeep Eagle Inc. v. Chrysler Corp., Inc., 56 F.Supp.2d 694, 706 (E.D.La.1999) (citing Northern Pipeline Constr. Co. v. Marathon Pipe Line, 458 U.S. 50, 102 (1982)).

4

However, the Fifth Circuit has acknowledged that "[c]ourts have long blessed jury waivers if they are knowing and voluntary." Pizza Hut L.L.C v. Pandya, 79 F.4th 535, 542 (5th Cir. 2023). When determining the scope of a waiver and to which claims it applies, the court refers to the plain language of the provision. See Pizza Hut, 79 F.4th at 546 (finding that the district court correctly held that the jury waiver's plain language "applie[d] to the universe of litigation between" the parties).

   III. Analysis

   The parties do not dispute that Mr. Ethridge's employment agreement with Utility contains an enforceable jury waiver provision, nor does any party claim that the waiver fails to apply to the Ethridges' claims directly relating to the Utility employment agreement. [ECF No. 120] at 2. The determinative issue, therefore, is whether the jury waiver applies to the Ethridges' claim against Mr. Soignet for tortious breach of the Power Group Operating Agreement. Id. The Ethridges maintain that because this particular claim is based entirely on the Power Group Operating Agreement, which does not include a jury waiver provision, their right to a jury trial on this claim was not waived. Moreover, the Ethridges contend that even if the jury waiver in Mr. Ethridge's Employment Agreement applied to this

5

particular claim, Ms. Ethridge never signed this agreement, so she never waived her constitutional right to a jury trial. [ECF No. 118] at 6. Utility contends that because the Ethridges' claims would not exist but for the employment relationship memorialized in the Employment Agreement, the jury waiver therein extends to the Ethridges' claims against Mr. Soignet. [ECF No. 120] at 2-3. Utility further contends that Ms. Ethridge's claim is also subject to the waiver because it is dependent on, and is inextricably intertwined with, the claims between UCS and Mr. Ethridge. Id.

Utility argues that the Ethridges' claim under the Power Group Operating Agreement would not exist but for the parties' relationship at issue in the Employment Agreement, so it too is subject to the waiver. Id. at 2. Utility's argument here relies on Vinton-Zimmerman v. MidFirst Bank, in which the defendant bank claimed that the jury waiver provision in a 2006 contract between the parties applied to a lawsuit that arose under a later 2014 agreement between the same parties. No. 3:20-CV-171-DPJ-FKB, 2020 WL 7133001 (S.D. Miss. Dec. 4, 2020). The Zimmermans secured a loan from MidFirst Bank under the 2006 contract, which they later refinanced in a 2014 agreement which the Zimmermans claimed constituted "an express or implied-in-fact agreement" with MidFirst in 2014. Id. at *2. The court

granted MidFirst's Motion to Strike Jury Demand, finding that, although the Zimmermans' claims arose "from the communications they received during refinancing, the Zimmermans were refinancing the debt memorialized in the 2006 Amended Note." Id. The court held that because the plaintiffs' claims "[would] not exist but for the lender-borrower relationship created" by the 2006 contract, the Zimmermans' claims based on the 2014 refinancing agreement were subject to the 2006 contract's jury waiver. Id. (internal quotation marks omitted).

Utility argues that Soignet invited the Ethridges to be owners of Power Group in 2020 only because of Ethridge's preexisting employment with Utility and resulting affiliation with Soignet. [ECF No. 120] at 2. Therefore, according to Utility, the Ethridges' claim against Soignet for breach of the Power Group Operating Agreement similarly would not exist but for Ethridge's employment relationship with Utility. Id. Utility's argument is not persuasive. In Vinton-Zimmerman, the court's decision hinged on the fact that the two contracts were made regarding the same loan and were between the same parties. Vinton-Zimmerman, 2020 WL 7133001 at *1. In the case at hand, the Ethridges have asserted a counterclaim based on an entirely separate contract involving different parties. Utility is not a party to the Power Group Operating Agreement; Mr. Soignet is. As

the Ethridges' response states, the operative facts concerning this particular claim relate exclusively to the parties' duties for Power Group, not to Utility. [ECF No. 118] at 4. Thus, the "but for" connection that Utility asserts here is too tenuous for the Court to accept, especially when doing so would restrict a right as fundamental as the right to a jury trial.

Because the Court concludes that the jury waiver in Mr. Ethridge's employment agreement does not extend to the Ethridges' claims against Soignet for breach of the Power Group Operating Agreement, it finds that the Ethridges are entitled to a jury trial on such counterclaims. Therefore, the Court need not examine whether Ms. Ethridge's right to a jury trial is waived.

IV.  Conclusion

Because the Ethridges' claims against Mr. Soignet for the tortious breach of the Power Group Operating Agreement rely wholly upon the Power Group Operating Agreement, which does not include a jury waiver provision, and because Utility's argument for extending the jury waiver provision to encompass these claims is not compelling, this Court DENIES the motion to strike in regard to the Ethridges' claims against Soignet for tortious breach of the Power Group Operating Agreement.

IT IS THEREFORE ORDERED the Ethridges are entitled to a jury trial on their claims against Mr. Soignet for tortious breach of the Power Group Operating Agreement.

SO ORDERED this the 22nd day of August, 2025.

                                                  /s/ David Bramlette
                                      DAVID C. BRAMLETTE III
                                      UNITED STATES DISTRICT JUDGE