IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **UTILITY CONSTRUCTION SERVICES, L.L.C.,** § § § § | |
| **Plaintiff/Counter-Defendant,** § | |
| v. § § | |
| **RICHARD ETHRIDGE, II, CECILY LARUE ETHRIDGE, AND TEMPEST ENERGY, LLC,** § § § § | **CASE NO. 5:24-CV-00078-DCB-LGI** |
| **Defendants/Counter-Plaintiffs,** § § | |
| v. § § | |
| **ELMO ANDREW SOIGNET, III** § § | |
| **Counter-Defendant.** | |

## ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on Defendant Tempest Energy, LLC ("Tempest") Motion to Dismiss for Failure to State a Claim. [ECF No. 131]. Defendant moves to dismiss the case under Federal Rule of Civil 12(B)(6). Id. at 3. Having fully considered the Motions and applicable law, the Court finds as follows:

### I. BACKGROUND

The Second Amended Complaint [ECF No. 114], which was filed by Utility Construction Services, LLC ("UCS") on June 10, 2025, alleges that through discovery, UCS recently learned that "Ethridge has been working for Tempest since January 2025 as its Director of Trade Acquisition." Id. at 9. UCS argues that as an

employee of Tempest, Ethridge is now in breach of his "24-month non-competition covenant" that he previously signed with UCS. Id. at 5.

This agreement was allegedly provided to Tempest by Ethridge prior to his employment and as such, UCS argues that "Tempest tortiously interfered" with that agreement. Id. at 10. UCS continues by arguing that "Tempest thus was well aware of Ethridge's post-employment obligations to UCS and that his affiliation with and employment by Tempest would directly violate those obligations." Id. at 9-10.

On July 21, 2025, Tempest filed a Motion to Dismiss for failure to state a claim, arguing that UCS has not "sufficiently pleaded a claim against Tempest for tortious interference" and as such, the Court "should dismiss the lawsuit as it relates to Tempest." [ECF No. 131] at 1. Defendant Tempest argues that UCS's "claims [as listed in the Second Amended Complaint] are nothing more than conclusory allegations and a formulaic recitation of the elements of a cause of action for tortious interference." Id. at 2.

In Plaintiff's Memorandum Brief in Support of its response to the Motion to Dismiss for Failure to State a Claim, Plaintiff argues that they have "sufficiently plead a tortious interference

claim" and that all five elements, as required by Mississippi law, are satisfied. [ECF No. 143] at 2.

This Court now turns to the merits of the dispute:

## II.   LEGAL STANDARD

The Fifth Circuit states that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(citing and quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). A complaint is facially plausible when it contains "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court accepts "well-pleaded facts as true and considers them in the light most favorable to the plaintiffs." In re ATP Oil & Gas Corp., 888 F.3d 122, 125-26 (5th Cir. 2018)(citing Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010)). However, legal conclusions or a "formulaic recitation of the elements of a cause of action" are insufficient. Iqbal, 556 U.S. at 678. Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements", do not suffice. Id. at 663.

3

In ruling on the defendants' motion, the Court may rely on the Complaint, its proper attachments, and documents incorporated into the Complaint by reference. Wolcott v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (Citing Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted)).

### III. ANAYLSIS

Defendant moves to dismiss Plaintiff's claim for tortious interference, contending that the Complaint fails to allege sufficient facts to state a claim under Mississippi law. [ECF No. 131]. Specially, the Defendant contends that the Plaintiff has failed to allege the two elements of the claim. Id. at 1-2. The Court disagrees for the following reasons:

To state a claim for tortious interference under Mississippi law, the plaintiff must allege: "(1) intentional and willful acts, (2) calculated to cause damage to the plaintiff in his lawful business, (3) done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice), (4) resulting in actual damage or loss." Watkins v. Oakes, 318 So. 3d 1125, 1129 (Miss. Ct. App. 2020) (citing Levens v. Campbell, 733 So.2d 753, 760-61 (Miss. 1999)).

As to Defendant's claim that Plaintiff failed to sufficiently plead the "malice" element, this Court finds that intent ("malice") is not required to be pled with particularity, as Federal Rule of Civil Procedure's 9(b)'s heightened pleading standard only applies to allegations of fraud or mistake. Instead, Rule 9(b) makes it clear that "**[m]alice, intent**, knowledge, and other conditions of a person's mind may be alleged **generally**." (Emphasis added). Also, at this stage, a malicious intent may be plausibly inferred when a complaint alleges that defendant knew of the existence of the contract and undertook actions incompatible with its performance. Seven Seas Techs., Inc. v. Infinite Comput. Sols., Inc., 353 F. Supp. 3d 545, 550 (Miss. 2018)(Citing AmSouth Bank v. Gupta, 838 So. 2d 205, 214 (Miss. 2002)).

Here, that is satisfied. The Second Amended Complaint alleges that Defendant Tempest had knowledge of Plaintiff's non-compete agreement with Ethridge, yet nevertheless elected to hire him, despite knowing that doing so would directly interfere with contractual restrictions. [ECF No. 114] at 9-10. Those allegations, taken as true, suffice to meet the malice requirement at the pleading stage.

Regarding Defendant's second argument for dismissal, the Court concludes that Plaintiff has met the pleading burden. The allegation that Tempest hired Ethridge, despite knowing he would

5

be bound by a non-compete, plausibly supports the inference that Ethridge would have performed his prior contractual obligations absent Tempest's interference. Again, this Court finds that so long as the complaint alleges "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," then it will be able to overcome a motion to dismiss for failure to state a claim. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Therefore, this element is also satisfied.

For the sake of thoroughness, this Court finds that all other elements were sufficiently plead. The Second Amended Complaint alleges the existence of a valid contract with Plaintiff and Ethridge, that Defendant had knowledge of the contract, and that Defendant engaged in acts designed to induce a breach. [ECF No. 114]. For example, the Second Amended Complaint alleges:

> "UCS has a contract with Ethridge—the Employment Agreement—that **prohibits Ethridge from working for a competitor**",
>
> "Prior to starting with Tempest, Ethridge **provided Tempest with a copy of his Employment Agreement**. Tempest thus was **well aware** of Ethridge's post-employment obligations to UCS",
>
> "Tempest, a competitor of UCS, **intentionally, willfully**, improperly, and tortiously interfered with the Employment

Agreement by **entering into an employment relationship** with Ethridge," and

Plaintiff further asserts that it **suffered damages** in the form of "irreparable harm to UCS's business relationships, reputation and goodwill". <u>Id</u>. at 9-10, 18-19. (Emphasis added).

The Court finds that Defendant's attempt to characterize Plaintiff's allegations as conclusory ignores the distinction between threadbare recitals and factually supported assertions. Thus, these allegations set forth are sufficient factual matter which, if true, establish a plausible claim for relief.

For the reasons set forth above, the Court finds that the Motion to Dismiss is **DENIED** and this matter will move forward in due course.

**SO ORDERED AND ADJUDGED** this 10th day of September, 2025.

/s/David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE