```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

**UTILITY CONSTRUCTION SERVICES, LLC**     **PLAINTIFF/COUNTER-DEFENDANT**

**V.**                                  **CIVIL ACTION NO. 5:24-cv-78-DCB-LGI**

**RICHARD ETHRIDGE, II**
**CECILY LARUE ETHRIDGE, AND**
**TEMPEST ENERGY, LLC**                    **DEFENDANTS/COUNTER-PLAINTIFFS**

**V.**

**ELMO ANDREW SOIGNET, III**                           **COUNTER-DEFENDANT**

<u>**ORDER AND MEMORANDUM OPINION ON MOTION TO STRIKE AMENDED COUNTERCLAIMS OR IN THE ALTERNATIVE 12(B)(6) PARTIAL MOTION TO DISMISS**</u>

This matter comes before the Court on Counter-Defendant Elmo Andrew Soignet, III's ("Soignet") Motion to Strike Amended Counterclaims or In the Alternative 12(b)(6) Partial Motion to Dismiss [ECF No. 135] Amended Counterclaims filed by Defendants Richard Ethridge, II ("Ethridge") and Cecily Ethridge ("C. Ethridge"). Having carefully considered the Motion, response, reply, applicable law, and being otherwise fully informed on the premises, the Court finds and orders as follows:

## I.   BACKGROUND

UCS was founded by Soignet in 2006 and Soignet still serves as UCS's president. [ECF No. 114] at 3. This particular dispute involves Plaintiff UCS, which employed Ethridge until his termination on August 7, 2024. [ECF No. 133] at 1. Six days later,

on August 13, 2024, Plaintiff UCS filed its original complaint against Ethridge and C. Ethridge, asserting several causes of action: (1) breach of employment agreement, (2) breach of fiduciary duty, (3) fraud by omission, (4) negligent misrepresentation, (5) unjust enrichment, (6) tortious interference with contract, and (7) tortious interference with business relations. [ECF No. 1] at 5-9. On August 29, 2024, Ethridge and C. Ethridge filed their answer and asserted counterclaims against both Plaintiff UCS and its president, Soignet. [ECF No. 3]. The counterclaims include:(1) breach of contract/tortious breach of contract (UCS), (2) breach of the duty of good faith and fair dealing and wrongful termination (UCS), (3) intentional interference with contract (Soignet), (4) defamation (Soignet), and (5) tortious breach of operating agreement (Soignet). Id. at 23-29.

On November 12, 2024, an unopposed motion for leave to file an amended complaint was filed by Plaintiff UCS after discovering that Ethridge allegedly downloaded information to his computer involving the internal business relations of UCS. [ECF No. 46]. After the motion for leave was granted, Plaintiff UCS amended their original complaint to add the following causes of action: (1) violation of the Computer Fraud and Abuse Act, (2) violation of the Mississippi Uniform Trade Secrets Act, (3) violation of the Defend Trade Secrets Act, (4) fraud, and (5) breach of the covenant

2

of good faith and fair dealing. [ECF No. 47] at 11-16. Ethridge responded to the first amended complaint on December 23, 2024 and denied all allegations against him. [ECF No. 65].

On May 27, 2025, Plaintiff UCS filed a motion for leave to file a second amended complaint and application for temporary restraining order and temporary and permanent injunction against Ethridge after learning through discovery that Ethridge had allegedly violated his non-compete agreement by working for a UCS competitor, Tempest Energy, LLC. [ECF No. 108]. After being granted leave, UCS amended its complaint again on June 9, 2025 to include: (1) facts related to Ethridge's surreptitious recording activity and breach of his non-competition agreement in further support of existing claims against Ethridge; and (2) a claim for tortious interference with Ethridge's contract against Tempest. [ECF No. 114]. On June 30, 2025, the Ethridges filed a motion for extension of time to file response/reply as to the second amended complaint. [ECF No. 122]. After it was granted, the Ethridges filed their answer to Plaintiff UCS's Second Amended Complaint on July 7, 2025. [ECF No. 129]. Along with the answer, they also filed additional counterclaims against Counter-Defendant Soignet: intentional infliction of emotional distress and conversion. Id.

Counter-Defendant Soignet subsequently filed a Motion to Strike the Amended Counterclaims, asserting that Rule 15(a)

3

required either consent of UCS or leave of Court to amend prior to filing the counterclaims [ECF No. 135] at 1. Alternatively, Counter-Defendant Soignet filed a 12(b)(6) Partial Motion to Dismiss alleging that the Ethridges fail to state a claim for intentional infliction of emotional distress and conversion. Id.

In opposition, the Ethridges argued that the amended counterclaims were permissible without leave because UCS's Second Amended Complaint had enlarged the scope of the case by adding new allegations and theories. [ECF No. 141] at 1. In the alternative, the Ethridges ask the Court to construe the amendments as requests for leave to file the amended counterclaims. Id. at 4. The Ethridges also argue that they have sufficiently plead claims for intentional infliction of emotional distress and conversion against Counter-Defendant Soignet. Id. at 4-5.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amendments to pleadings, including counterclaims. Under Rule 15(a)(1), "a party may amend its pleading once as a matter of course" within "21 days after serving it", or within "21 days after service of a responsive pleading". FED. R. CIV. P. 15(a)(1). After this period expires, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the courts leave,"

4

and the court "should freely give leave when justice so requires." Id. at (a)(2).

The Fifth Circuit has emphasized that Rule 15's liberal amendment standard is not without limits. Courts may deny leave to amend when there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182(1962)).

### III. ANALYSIS

**A. The Ethridges' Amended Counterclaims Were Improperly Filed**

The Court finds that the Ethridges' amended counterclaims are procedurally improper. As noted above, UCS filed its Second Amended Complaint on June 9, 2025 to include: (1) facts related to Ethridge's surreptitious recording activity and breach of his non-competition agreement in further support of existing claims against Ethridge; and (2) a claim for tortious interference with Ethridge's contract against Tempest. [ECF No. 114]. The Ethridges filed their answer to Plaintiff UCS's Second Amended Complaint on July 7, 2025. [ECF No. 129]. Along with the answer, they also filed additional counterclaims (intentional infliction of emotional distress and conversion). Id.

5

Rule 15(a)(2) expressly requires that, once the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the courts leave." FED. R. CIV. P. 15(a)(2). Because the Ethridges filed their amended counterclaims nearly eleven months after their original counterclaims, outside of the period for amendment as of right, they were required to seek consent or leave. They did neither.

Accordingly, the Court finds that the amendments were improperly filed and are not properly before the Court.

**B. Leave to Amend is Not Warranted**

The Ethridges acknowledge that they did not seek consent or leave before filing their amended counterclaims but urge the Court to construe their filing as a request for leave to amend. [ECF No. 139] at 3. Even though a "formal motion is not always required", the "requesting party [must still set] forth with particularity the grounds for the amendment and the relief sought." <u>United States ex rel. Willard v. Humana Health Plan of Texas Inc.</u>, 336 F.3d 375, 387 (Citing Fed. R. Civ. P. 7(b)(1), 15(a); <u>Edwards v. Occidental Chemical Corp.</u>, 892 F.2d 1442, 1445-46 (9th Cir. 1990)).

The Ethridges did not file a formal motion to amend, nor did they state with particularity the grounds for amendment. Instead, they unilaterally filed amended counterclaims and, only when

6

challenged, asked the Court to construe their filing as a request for leave. Even if construed as such a request, the Court finds that leave is not warranted. The amended counterclaims were filed nearly eleven months after the Ethridges' original counterclaims and almost a year after UCS initiated this action. The Ethridges offer no explanation for this delay. Additionally, the amended counterclaims introduce new factual allegations, new categories of damages, and two entirely different causes of action – even though the Ethridges were aware of facts supporting their claims from the very beginning of the action commencing. See Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139-40 (5th Cir. 1993) (affirming district courts denial of leave, finding bad faith and dilatory motive because plaintiffs "were aware of the facts supporting their. . . claims before they initiated th[e] action, but they did not present those claims until. . .nine months after the action was initiated."). Allowing such amendments at this stage would require an extension of discovery and would likely delay trial beyond its scheduled date in August of 2026. This would cause undue delay and prejudice to Counter-Defendant Soignet.

Therefore, even if the Court were to construe the amended counterclaims as a request for leave, leave to amend is still denied.

7

**C. Alternative Motion to Dismiss under Rule 12(b)(6)**

In light of the Court granting the Motion to Strike [ECF No. 135], Counter-Defendant Soignet's Motion to Dismiss amended counterclaims under Rule 12(b)(6) is moot. The amended counterclaims no longer exist in this case, and the Court does not reach the merits of their sufficiency.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the Ethridges' amended counterclaims were filed without UCS's or Soignet's consent or leave of court in violation of Rule 15(a). Even if the improperly filed amended counterclaims were construed as a motion for leave, the Court concludes that leave is not warranted given the eleven-month delay, the introduction of new claims, and the prejudice that would result from additional discovery and possibly continuing the trial.

**ACCORDINGLY,**

**IT IS SO ORDERED** that Plaintiff UCS's Motion to Strike is **GRANTED.**

**IT IS FURTHER ORDERED** that, to the extent that the Ethridges' amended counterclaims are construed as a motion for leave to amend, leave is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' alternative Motion to Dismiss under Rule 12(b)(6) is **MOOT.**

**SO ORDERED** this 25th day of September, 2025.

/s/ David C. Bramlette

UNITED STATES DISTRICT JUDGE